## LEA & BEAMAN v. HENRY.

1. **Practice:** CONTRACT: CONSTRUCTION OF LETTERS.  The question whether or not certain letters constitute a contract is one to be determined by the court, and it is error to submit such question to a jury.

*Appeal from Wapello District Court.*

THURSDAY, OCTOBER 20.

ACTION to recover for legal services rendered in behalf of the defendant's son, who was indicted and tried for the crime of burglary.  The criminal trial resulted in a conviction. Upon appeal to this court the judgment was reversed and the cause remanded.  Afterwards the indictment was dismissed.  The plaintiffs by their petition claim that before the prosecution was finally dismissed, and while it was still pending, the defendant entered into a contract in writing by which she promised to pay them for their services in defense of her son.  Issue having been taken upon the averments of the petition the cause was tried to a jury.  There was a verdict and judgment for the defendant and plaintiffs appeal.

DECEMBER TERM, 1881. 663

*Lea & Beaman, pro se.*

*S. W. Summers*, for appellee.

ROTHROCK, J.—The alleged contract in writing was contained in two letters written by the defendant to the plaintiffs, and .in certain other letters written by the plaintiffs to the defendant. The court instructed the jury that the first letter written by the defendant and the answer thereto created no contract binding the defendant to pay the plaintiffs for their services. As to the letters subsequently written, the court left it to the jury to say whether or not the defendant by the language used in the letters under the facts and circumstances meant to bind herself personally to pay the plaintiffs for their services. It was the province of the court as matter of law to determine and construe their meaning and legal effect. Parsons on Contracts, Vol. 2, 492. We do not regard it as our duty to set out these letters here at length. A careful examination of them satifies us that they do not contain a distinct personal promise to pay the plaintiffs for their services. The court, we think, properly construed the first letter, and should have put the same construction on all of the correspondence between the parties considered together. But as the jury found for the defendant, the error in submitting the question to the jury as to whether part of the letters constituted a contract was without prejudice to the plaintiffs, because the jury merely found what the court should have determined, that is to say, that by a proper construction of the writings no personal contract was entered into by the defendant.

AFFIRMED.